## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ROBERT E. SHAW** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. |
| ) | |
| **MILLER & STEENO, P.C.** ) | |
| ) | DIVISION |
| Serve at: ) | |
| Sandford J. Miller, Registered Agent ) | |
| 11970 Borman Drivem Suite 250 ) | |
| St. Louis, Missouri 63146 ) | |
| ) | |
| and ) | |
| ) | |
| **SECOND ROUND, LP** ) | |
| ) | |
| Serve at: ) | |
| Saundra Burrus or Registered Agent ) | |
| 4150 Freidrich Lane, Ste. I ) | |
| Austin, Texas 78744 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff, Robert E. Shaw, and for his Petition states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to challenge Defendants' litigation misconduct, including but not limited to false representations about the validity and amount of the debt Plaintiff allegedly

1

owed, and the manner in which Defendants litigated the matter to the brink of trial and then dismissed the matter as described more fully below.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendants' illicit conduct was directed at Plaintiff in Lincoln County. Venue is also appropriate in this Court for that reason.

## PARTIES

5. Plaintiff is a natural person currently residing in Lincoln County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, to the best of Plaintiff's knowledge, the debt arose from a personal credit card issued by US Bank National Association ("US Bank").

7. Defendant Miller & Steeno, P.C. (the "Miller Firm") is a domestic professional corporation with its principal place of business in St. Louis, Missouri. The principal business purpose of the Miller Firm is the collection of debts in Missouri and nationwide, and the Miller Firm regularly attempts to collect debts alleged to be due another.

8. Defendant Second Round, LP ("Second Round") is a foreign limited partnership with its principal place of business in Austin, Texas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. The Miller Firm is Second Round's agent for purposes of collecting Plaintiff's debt.

10. Second Round and the Miller Firm, upon information and belief, are parties to an agreement specifying that the Miller Firm is to provide collection services for Second Round.

11. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

12. Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

13. Defendants' relevant collection activity consisted of a lawsuit filed against Plaintiff.

14. On April 9, 2014, the Miller Firm filed a lawsuit on behalf of Second Round against Plaintiff in Lincoln County Associate Circuit Court, Cause No. 14L6-AC00372 ("Collection Suit"), a true and accurate copy of which is attached hereto as **Exhibit 1**.

15. The Collection Suit made, *inter alia*, the following allegations:

   a. That Second Round was the assignee of the original creditor, US Bank National Association;

   b. That there was an agreement between US Bank National Association and Plaintiff; and

   c. That US Bank National Association, and subsequently Second Round, made a demand for payment of the outstanding sum of $10,586.38, but Plaintiff has refused to pay.

16. Second Round failed to attach an affidavit from the original creditor substantiating its allegations in its Collection Suit; this is not in compliance with the requirements of CACH, LLC v. Askew, 358 S.W.3d 58, 63 (Mo. banc 2012).

17. Second Round did attach its own "affidavit of indebtedness."

18. Second Round's affidavit of indebtedness was made by *Second Round's* employee, not an employee of Plaintiff's original creditor.

19. Second Round's affidavit of indebtedness was therefore not made by anyone with personal knowledge about the debt, although Second Round falsely and deceptively claimed in the affidavit that it did have such personal knowledge.

20. Defendants did not attach any contract or agreement purportedly existing between the original creditor and Plaintiff to the Collection Suit.

21. Failing to attach the contract between the original creditor and Plaintiff is a violation of Mo. Rev. Stat. § 517.031 and constitutes an unfair collection tactic.

22. Additionally, Defendants failed to attach any records of assignment of Plaintiff's alleged debt from the original creditor to any subsequent creditors, including Second Round.

23. Second Round sued on Plaintiff's alleged debt without any way to substantiate the balance owed or even confirm that there was indeed a debt in the first place.

24. Defendants came to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend Second Round's meritless and unsubstantiated debt collection lawsuits.

25. Second Round lacked (1) valid proof of assignment from Plaintiff's original creditor and any subsequent debt purchasers to Defendant, (2) valid proof that the debt was even owed, and (3) the required contract needed to obtain judgment.

26. Nevertheless, Defendant filed the Collection Suit intending to take advantage of Plaintiff's dire economic circumstances and unsophistication.

27. Defendant filed the Collection Suit and took the matter to the brink of trial, shortly after Plaintiff obtained counsel, before dismissing Plaintiff.

28. During the entire course of the Collection Suit, Defendant had full knowledge that it lacked the evidence required in Missouri to prove (1) Defendant's standing to sue Plaintiff and (2) the amount and/or validity of the debt.

29. Defendant filed and pursued the Collection Suit while actively and falsely representing to the Court (via the bogus affidavit of indebtedness that Defendant did present to the Court) that Defendant had standing and sufficient proof as to the validity and amount of the debt.

30. But for these false representations, Defendant would not have maintained the Collection Suit against Plaintiff to the brink of trial and forced Plaintiff to incur attorneys' fees to defend against a meritless legal action.

31. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

32. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to attorneys' fees to defend against the meritless Collection Suit, anxiety, frustration, and worry.

## COUNT I: VIOLATION OF THE FDCPA

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

5

    a.    Utilizing false, unfair, and misleading representations in connection with the collection of a debt; 15 U.S.C. § 1692d-e;

    b.    Engaging in deceptive and harassing conduct in the collection of a debt, 15 U.S.C. § 1692d-f; and

    c.    Defendant used unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Release of the alleged debt;

    D.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    E.    For such other relief as the Court may deem just and proper.

VOYTAS & COMPANY

/s/ Richard A. Voytas, Jr.

--------------------------------

Richard A. Voytas, Jr., #52046
Voytas & Company
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068